Not Intended for Print Publication

# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| **ALICE JANE JESSEE**, | ) |
| | ) |
| Plaintiff, | ) Case No. 1:04CV00109 |
| | ) |
| v. | ) **OPINION** |
| | ) |
| **HORACE MANN LIFE** | ) By: James P. Jones |
| **INSURANCE COMPANY,** | ) Chief United States District Judge |
| | ) |
| Defendant. | ) |

*Ginger J. Largen, Morefield & Largen, P.L.C., Abingdon, Virginia, for Plaintiff; W. Bradford Stallard, Penn, Stuart & Eskridge, Abingdon, Virginia, for Defendant.*

In this ERISA action, the plaintiff, Alice Jane Jessee, and the defendant, Horace Mann Life Insurance Company ("Horace Mann"), have filed cross motions for summary judgment pursuant to Federal Rule of Civil Procedure 56(c). For the reasons that follow, I will grant the defendant's motion for summary judgment on two claims, and I will dismiss without prejudice the plaintiff's remaining two claims for failure to exhaust administrative remedies.

I

The plaintiff worked as an insurance agent for Horace Mann until October 16, 2001. After one year of full-time employment at Horace Mann, the plaintiff had become entitled to certain benefits, collectively known as the Horace Mann Service Corporation Agents Benefits Program ("Agent Benefits Program"), which included a long-term disability benefit ("LTD Benefit"). The specific terms included in the LTD Benefit documents provide that long-term disability insurance paid sixty percent of eligible earnings to insureds who continued to be disabled after a ninety-day elimination period, until the insured could return to work or reached Social Security retirement age. The LTD Benefit was paid monthly. Other benefits to which the plaintiff was entitled under the Agent Benefits Program included a hospitalization coverage benefit, a dependent life insurance benefit, an accidental death and dismemberment benefit, and participation in a Money Purchase Pension Plan.

On October 16, 2001, the plaintiff took a medical leave from Horace Mann and filed a claim for the LTD Benefit under the Agent Benefits Program. After the plaintiff completed the ninety-day elimination period, Horace Mann approved the plaintiff's application for the LTD Benefit effective January 16, 2001, paying her $6,658.45 monthly. After the plaintiff began receiving Social Security disability benefits, Horace Mann reduced the monthly payment to $5,106.45.

Effective October 23, 2003, Horace Mann terminated the plaintiff's employment. On December 2, 2003, Horace Mann determined that the plaintiff qualified under the Agent Benefit Program to continue receiving the LTD Benefit beyond January 14, 2004.

On October 4, 2004, the plaintiff filed suit in this court against Horace Mann seeking to enforce the terms of the Agent Benefits Program under the Employee Retirement Income Security Act of 1974, 29 U.S.C.A. § 1001-1461 (West 1999 & Supp. 2005) ("ERISA"). The court has subject matter jurisdiction pursuant to 29 U.S.C.A. § 1132(f). After initial briefing and oral argument, the court ordered the case stayed pending completion of Horace Mann's administrative review process regarding the plaintiff's claims. The administrative record was supplemented on July 27, 2005, and the court lifted the stay on August 25, 2005. The plaintiff filed an amended complaint on September 8, 2005, and the parties have timely filed and briefed new cross motions for summary judgment. Oral argument on those motions was heard on December 5, 2005, and the case is now ripe for decision.

II

The parties agree that the Agent Benefits Program is governed by ERISA. Even though ERISA regulates an employee benefits program, it remains a contractual

document to be enforced by applying principles of contract interpretation. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 112-13 (1989). When a plan by its terms confers discretion to its administrator to interpret its provisions, and when the administrator acts reasonably within the scope of that discretion, I defer to the administrator's interpretation. *Firestone*, 489 U.S. at 111. Thus, I may not disturb an administrator's decision as long as it was reasonable, in recognition of the fact that various interpretations and decisions can be made on a particular matter. *Id*.

Even in light of the discretion conferred on the administrator, the administrator is not free to alter the terms of the plan or to construe unambiguous terms other than as written. *Booth v. Wal-Mart Stores*, *Inc. Assocs. Health & Welfare Plan*, 201 F.3d 335, 342 (4th Cir. 2000). When the plan's terms are ambiguous in that the plan language gives rise to at least two different but reasonable interpretations, and the plan confers discretion to the administrator to resolve ambiguities, a court may review such a decision only for an abuse of discretion. *Firestone*, 489 U.S. at 111.

The Agent Benefits Program at issue here grants discretion to its administrator. "Plan Administrator . . . determines eligibility for Plan benefits, construes the terms of the Plan, and determines all questions arising in the administration of the Plan, and will make all such determinations and interpretations in a non-discriminatory manner." (R. at 54.) In view of the administrator's discretion under the Agent

Benefits Program, I must review the administrator's decision under a reasonableness standard to determine whether the administrator acted reasonably in interpreting the plan language. *Colucci v. Agfa Corp. Severance Pay Plan*, 431 F.3d 170, 176 (4th Cir. 2005).

The plaintiff asserts that the defendant has unreasonably interpreted the Agent Benefits Program in four ways, and has erroneously denied her access to benefits for which she is eligible. I review each claim in turn.

A

First, the plaintiff asserts that she is entitled to but is not currently receiving benefits under a supplemental long-term disability benefit ("Supplemental LTD Benefit") she allegedly purchased. Because I find that the plaintiff was not entitled to benefits under the Supplemental LTD Benefit, the defendant is entitled to summary judgment on this claim.

As a full-time agent employed by Horace Mann, the plaintiff was categorized as a Class II insured, entitling her under the Agent Benefits Program to a LTD Benefit amounting to sixty percent of her pre-disability earnings. The parties appear to agree that the plaintiff is currently receiving a monthly LTD Benefit payment under the Agent Benefits Program underwritten by Horace Mann Life Insurance.

The plaintiff's allegation is that, in addition to the LTD Benefit she is currently receiving, she is entitled to the Supplemental LTD Benefit of an additional amount of her pre-disability earnings, as offered under an updated Agent Benefits Program made available to Horace employees effective January 1, 2002. On that date, Horace Mann amended the terms of its Agent Benefits Program by replacing the program with a new program underwritten by Unum Provident Life Insurance Company of America. The plaintiff was informed of the new Agent Benefits Program via interoffice correspondence dated November 5, 2001, which stated in relevant part that employees were eligible for "new buy-up options for [supplemental] long-term disability coverage" and that Horace Mann's LTD Benefit would be updated, consisting of a "50% long-term disability benefit . . . 100% paid by Horace Mann." (R. at 1227-28.)

After receiving the memorandum regarding the updated Agent Benefits Program, the plaintiff claims that she enrolled in the newly offered Supplemental LTD Benefit.[1] As evidence that she successfully upgraded to the Supplemental LTD Benefit, the plaintiff points to a Horace Mann letter "confirm[ing] your Horace Mann benefit plan choices effective January 1, 2002" and listing "Supplemental LTD Plan:

---

[1] It appears undisputed between the parties that the plaintiff's claim for supplemental benefits is not based on any additional benefit underwritten by Horace Mann.

- 6 -

16.67% of Additional Coverage" as among the confirmed benefits. (R. at 1241.) The plaintiff asserts that these facts, taken together, demonstrate that Horace Mann made on offer of a Supplemental LTD Benefit which she accepted, and that she is thus entitled to an additional monthly payment as a matter of law. I disagree.

The defendant asserts that the plaintiff was categorically ineligible for the Supplemental LTD Benefit. Further, the defendant asserts that the Supplemental LTD Benefit's preexisting condition clause precluded the plaintiff from coverage, but that even if the plaintiff were eligible for the Supplemental LTD Benefit, her current monthly benefit amount exceeds the maximum monthly benefit amount under the Unum plan and would be subject to reduction. I find that the administrative record supports a finding that the defendant reasonably interpreted the plan language, and accordingly must grant the defendant's motion for summary judgment.

The plaintiff claimed disability since October 16, 2001. At that time, according to the LTD Benefit documents, the plaintiff began a ninety-day elimination period,[2] during which she was absent from work and not considered under "active

---

[2] The elimination period is defined as "a period of continuous days of disability" (R. at 189.) Eligibility for the elimination period under the Agents Benefits Program requires that an agent "be unable to perform the duties of your job because of illness . . . . medically certified by your attending physician . . . updated periodically depending on the duration of the disability." (R. at 2.)

- 7 -

employment."[3] The LTD Benefit documents stated that, "[d]uring the 90-day elimination period, your other benefits will remain in force," and that if the disability continued longer than ninety days, the LTD Benefit may be due. (R. at 3.) Beginning on January 16, 2002, at the end of the plaintiff's ninety-day elimination period, Horace Mann granted the plaintiff's application for the LTD Benefit. Thus, the administrative record reflects that the plaintiff was under the elimination period and absent from work during the enrollment period for the Supplemental LTD Benefit. A plain reading of the Supplemental LTD Benefit documents provides that "if you are absent from work due to . . . sickness . . . your coverage [under the Supplemental LTD Benefit] will begin on the date that you return to active employment." (Supplemental LTD Benefit document at 21.) The plaintiff never returned to active employment at Horace Mann, as she was granted the LTD Benefit on January 16, 2001, and has not returned to work since that time. While the defendant concedes that it erroneously accepted the plaintiff's premium payment for the Supplemental LTD Benefit, the

---

[3] "Active employment" is defined as "working for the employer at your work site for earnings the employer pays on a regular basis" and "performing the material and substantial duties of your regular occupation." (R. at 186.)

Mr. Keeshin's letter indicates that the plaintiff was considered "active" during her ninety-day elimination period. However, the record is clear that the plaintiff was absent from work during her ninety-day elimination period, thereby not meeting the plain definition of "active employment" as set out in the plan documents. Because Mr. Keeshin's statement plainly controverts the relevant plan language in defining "active employment," I will assume that Mr. Keeshin's statement was erroneous.

- 8 -

plaintiff never successfully enrolled in that benefit because she failed to meet the benefit's start date by not returning to active employment.

The defendant asserts two additional arguments that the plaintiff is not entitled to the Supplemental LTD Benefit. The first concerns the fact that the plaintiff's pre-existing condition would have precluded her from any coverage under the Supplemental LTD Benefit; the second involves the Supplemental LTD Benefit's $5000 monthly payment cap, which would reduce the amount the plaintiff is currently receiving on a monthly basis. However, I need not reach those arguments as the clear language of the Supplemental LTD Benefit documents provides that the plaintiff never effected coverage in the Supplemental LTD Benefit to which she claims entitlement. I find that the plaintiff is not entitled to the Supplemental LTD Benefit as a matter of law, that the plan administrator reasonably interpreted the plan language, and I accordingly grant summary judgment to the defendant on this claim.

B

Next, the plaintiff asserts that Horace Mann failed to make correct monthly contributions to the plaintiff's Money Purchase Pension Plan ("MPPP") prior to her termination of employment.

According to the relevant documents, the MPPP is a defined contribution plan offered to Horace Mann's employees. (R. at 8.) The plaintiff, as a full-time agent at

Horace Mann, was eligible for this benefit and, having completed five years of service, was one hundred percent vested in her account. (*Id.*) Under the terms of the MPPP, the defendant was to make semi-monthly contributions to the MPPP benefit based on a percentage of the plaintiff's eligible compensation. Between January and October 2003, the plaintiff had ten years of service with Horace Mann. The MPPP documents indicate that the plaintiff's ten years of service qualified her for a contribution equal to six percent of the plaintiff's eligible compensation. (R. at 10.)

After completing the elimination period as required by the LTD Benefit, the plaintiff applied for and began receiving the LTD Benefit payment effective January 16, 2001. Horace Mann terminated the plaintiff's employment in October 2003, at which time the defendant ceased making contributions to the plaintiff's MPPP. The plaintiff asserts that the contributions made by the defendant to her MPPP during the final ten months of her employment , January 2003 through October 2003, were in an amount less than they should have been. While the plaintiff claims that she is entitled to summary judgment on this claim, I find that she has failed to exhaust her administrative remedies as set out in the Agent Benefits Program documents, and that her claim is premature.

While ERISA does not contain an explicit exhaustion requirement, an ERISA claimant must both pursue and exhaust her administrative remedies before gaining

access to the federal courts. *See Makar v. Health Care Corp.*, 872 F.2d 80, 82 (4th Cir. 1989); *see also* 29 U.S.C.A. § 1133(2). Requiring exhaustion of administrative remedies gives force to ERISA's requirement that ERISA benefit programs provide internal dispute resolution procedures for participants whose claims have been denied. *Makar*, 872 F.2d at 83. Included in the Agent Benefits Program documents is a provision that if an application or claim for benefits is denied, a claimant must first seek full review of the decision initially from the Employee Claims Unit and then from the Plan Administrator. (R. at 17, 72.) The plaintiff has failed to do so.

The record shows that the claim presented here regarding monthly MPPP payments in an incorrect amount has not been properly pursued and exhausted within Horace Mann's available administrative process. Thus, I find that the plaintiff's claim is premature, and I dismiss the plaintiff's claim without prejudice for failure to exhaust administrative remedies.

C

Next, the plaintiff asserts that she and her spouse were erroneously terminated from the hospitalization coverage benefit, the dependent life insurance benefit, the employee discounts benefit, and the accidental death and dismemberment benefit upon her termination from employment with Horace Mann on October 23, 2003.

At the time the plaintiff took a leave of absence from Horace Mann, the plaintiff was fully vested in all of the above benefits. She contends that she continues to be entitled to such benefits, even after her termination from employment with Horace Mann. The plaintiff's assertion controverts the clear language of Agent Benefits Program documents. "Your coverage under this [hospitalization benefit] Plan will end on the earliest of the following dates: . . . the date of termination of your employment;" . . . . (R. at 75.) "If your employment terminates, other than by retirement, your coverage under the Supplemental Life [benefit] will end." (R. at 104.) "Dependent Life coverage ceases as of your date of termination of employment." (R. at 107.) "[Accidental Death & Dismemberment] ceases as of your date of termination of employment." (R. at 110.)

The Agent Benefits Program documents clearly provide that the plaintiff's benefits ceased on the date that Horace Mann terminated her employment. Because I find that the plan administrator reasonably interpreted the plan language, I must grant the defendant's motion for summary judgment.

D

Lastly, the plaintiff asserts that Horace Mann has provided her with incorrect W-2 forms regarding the taxable amount of her benefits.

The plaintiff asserts that upon taking advantage of the "buy-up" option for the Supplemental LTD Benefit provided under the upgraded Agent Benefits Program, the plaintiff purchased the Supplemental LTD Benefit amounting to 66.67% of her eligible compensation. The plaintiff asserts that she enrolled in the Supplemental LTD Benefit by paying a premium and receiving confirmation notice from Horace Mann. The plaintiff appears to assert that the Supplemental LTD Benefit payment is non-taxable, and that Horace Mann is erroneously withholding a portion of that payment for unmeritorious tax reasons.

I find that the plaintiff has failed to pursue and exhaust her administrative remedies as required by the Agent Benefits Program regarding this claim. While the claim has been raised with Horace Mann previously, the W-2 forms at issue do not appear in the record, and the plaintiff's claim has not been subjected to the defendant's internal administrative process as the plan documents require. For that reason, I find that the plaintiff's claim is premature, and I dismiss the plaintiff's claim without prejudice for failure to exhaust administrative remedies.

III

For the foregoing reasons, I will enter judgment denying the plaintiff's motion for summary judgment, granting the defendant's motion for summary judgment on

- 13 -

two claims, and dismissing two of the plaintiff's claims without prejudice for failure to exhaust administrative remedies.

              DATED: February 15, 2006

              /s/ JAMES P. JONES
              Chief United States District Judge